# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHRISTOPHER HOWARD, )<br>#262237, )<br>)   CIVIL ACTION NO. 0:06-2573-DCN-BM<br>             Petitioner, )<br>)<br>v. )<br>)   **REPORT AND RECOMMENDATION**<br>STAN BURTT, WARDEN AND )<br>HENRY MCMASTER, )<br>ATTORNEY GENERAL FOR )<br>SOUTH CAROLINA, )<br>)<br>             Respondents. )<br>_____) | |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on September 14, 2006.[1] The Respondents filed a return and motion for summary judgment on November 17, 2006. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on November 20, 2006, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition to the motion on December 29, 2006. This matter is now before the Court for disposition.[2]

___

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Initially, three juvenile petitions alleging Petitioner committed the crime of murder, and one petition alleging commission of the crime of attempted murder, were filed with the Family Court of the Ninth Judicial Circuit (97-JU-10-2595; -2596; -2597; -2673).  See Respondents' Exhibit One (R.pp. 1-4).  The State subsequently filed a motion to have the cases transferred from juvenile court to the Court of General Sessions.  Petitioner was represented at the waiver hearing by Assistant Public Defender Mary Ellen Rankin.  On April 15, 1998, the Family Court Judge issued an Order transferring the cases from family court to general sessions court.  See Respondents' Exhibit One (R.pp. 1-4).

Petitioner was subsequently indicted in June 1998 in Charleston County for three (3) counts of murder [Indictment Nos. 98-GS-10-4376, - 4377, and -4378] and one count of attempted murder [Indictment No. 98-GS-10-4379].  See Respondents' Exhibit One (R.pp. 133-159).[3] Petitioner was represented by Public Defender D. Ashley Pennington, Esquire, and Assistant Public Defender Mary Ellen Rankin, and entered a guilty plea under North Carolina v. Alford to all three murder charges on October 25, 1999.  See Respondents' Exhibit One (R.pp. 5-50).  The State agreed to drop the count of attempted murder.  See Respondents' Exhibit One (R.p. 9).  Petitioner was sentenced by the trial judge for thirty (30) years on each count.  See Respondents' Exhibit One (R.pp. 49, 133, 139-140, 146-147).  Petitioner did not file a direct appeal from his conviction and/or sentence.

On July 12, 2000, Petitioner filed an application for post-conviction relief ("APCR")

---

[3] A copy of the indictment for attempted murder does not appear to be contained in the record provided to this Court.  However, it is not disputed that Petitioner was charged with this offense.



in state circuit court. Howard v. State of South Carolina, 00-CP-10-2591. See Respondents' Exhibit One (R.pp. 52-59). A Conditional Order of Dismissal was signed by the PCR judge on May 14, 2001, on the grounds that Petitioner's application set forth no specific claims. Petitioner was given twenty (20) days to respond or face dismissal. See Respondents' Exhibit One (R.pp. 63-65). Petitioner was represented by David Pagliarini, Esquire, who filed an amended petition raising the following issues:

> 1. Ineffective assistance of counsel.
>
>> A. Applicant's appointed counsel failed to adequately investigate the facts and circumstances surrounding the case, including failing to interview material witnesses.
>>
>> B. Applicant's appointed counsel failed to adequately discuss the facts of the case with the Applicant and advised him to enter a plea pursuant to North Carolina v. Alford without a complete understanding of the facts of the case.
>>
>> C. Applicant's appointed counsel failed [to] present adequate evidence at the waiver hearing, including failing to have Applicant subjected to psychological evaluation.
>>
>> D. Applicant's appointed counsel failed to file a Notice of Intent to Appeal in regard to [the] Applicant's conviction and sentence.
>>
>> E. Applicant's appointed counsel failed to consider or investigate the application of lesser offenses given the factual scenario.
>>
>> F. Applicant's appointed counsel failed to move to suppress statements made by Applicant, age 15 at the time of the arrest, who was interrogated outside the presence of his Guardian and attorney after he requested an attorney.

See Respondents' Exhibit One (R.pp. 66-67).

An evidentiary hearing was held on January 14, 2001; See Respondents' Exhibit One (R.pp. 78-118); following which the PCR judge entered an order denying and dismissing the APCR in its



entirety on February 21, 2002.  See  Respondents' Exhibit One (R.pp. 119-131).

Petitioner appealed and was represented on appeal by Chief Appellate Defender Daniel T. Stacey.  See  Respondents' Exhibits Two and Three.  Stacey filed a Johnson[4] petition seeking to be relieved as counsel and raising the following issue:

> Whether petitioner's guilty plea was entered in a knowing, intelligent and voluntary manner as required by Boykin v. Alabama?

See  Respondents' Exhibit Three, p. 2.

On February 6, 2003, the South Carolina Supreme Court issued an order in which it granted counsel's motion to be relieved and dismissed the PCR appeal.  See  Respondents' Exhibit Five. The Remittitur was issued on February 26, 2003.  See  Respondents' Exhibit Six.

Petitioner then filed a second Application for Post-Conviction Relief ("APCR2") on January 4, 2006.  See  Respondents' Exhibit Seven.  In this document, Petitioner raised the following claims:

> 1     Hearing regarding transfer of Applicant to adult court did not comport with requirements of due process.
>
> 2.    The use of Applicant's confession at juvenile transfer hearing to establish probable cause was not properly admitted without initial determination respecting the voluntariness of the confession, which was applied in an unconstitutional manner as evidence.
>
> 3.    Applicant's Miranda right to request and have the presence of an attorney during interrogation being that Applicant was a juvenile, were violated, when both officers continued to interrogate Applicant after requesting for an attorney.

---

[4] Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).

4



>   4. It was prosecutorial misconduct for the prosecutor to use a non-existing statute of attempted murder as a negotiation and a basis for his Alford Plea.
>
>   5. Family Court judge erred by failing to consider, provide or request the testimony of a competent and experienced psychologist or psychiatrist who after examining Applicant should have made a report of his findings to conclude that a full investigation has been met.
>
>   6. Family Court judge erred by failing to include in its order of waiver a report concerning Applicant's emotional attitude, psychological condition, sophistication maturity, pattern of living, or the likelihood of reasonable rehabilitation as a requirement of a full investigation.
>
>   7. Family Court judge erred by relying upon probable cause findings of fact and conclusions of law made at a preliminary hearing in juvenile proceedings as a basis for transferring Applicant to adult criminal jurisdiction.

Id.

Petitioner also filed an "Amended and Supplemental Pleading" dated February 17, 2006, in which he raised the following issues:

>   Issue (D). Counsel was ineffective by failing to object to the prosecutorial misconduct and by allowing the prosecutor to use a non-existent offense of attempted murder as a basis for a negotiated Alford plea and advising Applicant to enter into a plea of guilty on the basis of a non-existent offense of attempted murder.
>
>   Issue (G). Counsel was ineffective for failing to object to the transfer judge(s) improper use of probable cause findings of facts and conclusions of law made at a preliminary hearing in which the transfer hearing judge relied upon as a basis to transfer Applicant to adult criminal jurisdiction.
>
>   Issue (H). Applicants guilty plea was neither voluntary, knowingly nor intelligently made. Because both trial judge and counsel failed to advise or inform Applicant as to the crucial elements of the offense to which he was pleading guilty.

5



>   Issue (I). Counsel was ineffective for engaging in a plea bargain agreement with the sentencing judge which in itself rendered Applicant's plea of guilty involuntarily made.

See Respondents' Exhibit Eight.

The State filed a Return and Motion to Dismiss dated March 10, 2006, in which it asserted that Petitioner's second PCR should be dismissed as both violative of the state PCR statute of limitations as well as the prohibition against successive applications. See Respondents' Exhibit Nine. The PCR judge signed a Conditional Order of Dismissal on March 16, 2006, in which she indicated her intent to dismiss Petitioner's second APCR based on the limitations and successive bars, and giving Petitioner twenty (20) days to respond. See Respondents' Exhibit Ten. Petitioner filed an Objection to the Conditional Order of Dismissal on March 24, 2006. See Respondents' Exhibit Twelve. See also Respondents' Exhibit 13. The PCR judge thereafter filed a Final Order on May 26, 2006, in which she dismissed Petitioner's second APCR based on the state PCR statute of limitations and the successive bar. The PCR Judge specifically found that Petitioner's objections did not warrant a new APCR, as the issues were not newly discovered and could have been raised in the original application. See Respondents' Exhibit Fourteen.

Petitioner filed a "Motion to Alter or Amend Judgement" dated June 7, 2006, as well as a Notice of Appeal with the South Carolina Supreme Court on June 26, 2006. See Respondents' Exhibits Fifteen and Seventeen. Petitioner also filed that same day the Explanation required by Rule 227, SCACR, in which a PCR appellate petitioner must show at least an issue of arguable merit to proceed further with the PCR appeals process. See Respondents' Exhibit Eighteen. However, the South Carolina Supreme Court dismissed the appeal on July 17, 2006, finding the explanation insufficient. See Respondents' Exhibit Nineteen. Petitioner filed a Petition for Rehearing Pursuant



to Rule 221(a), SCACR, dated July 31, 2006. See Respondents' Exhibit Twenty. However, the Remittitur was sent down on August 2, 2006, and the Clerk of the South Carolina Supreme Court advised Petitioner by letter dated August 8, 2006 that his petition for rehearing was untimely under the court rules and would not be considered. See Respondents' Exhibits Twenty-One and Twenty-Two.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

> **Ground One:** Hearing regarding transfer of Petitioner to adult court did not comport with due process.
>
> **Ground Two:** It was prosecutorial misconduct to use a non-existent offense as a basis for Petitioner's plea.

See Petition, pp. 6-7.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



Respondents argue in their motion, <u>inter alia</u>, that the Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Petitioner's state court convictions became final on November 4, 1999, ten (10) days after he was sentenced. Rule 203(b)(2), SCACR. Because Petitioner did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. <u>See</u> <u>e.g.</u>, <u>Harris v. Hutchinson,</u> 209 F.3d 325 (4th Cir. 2000) [direct review concludes at expiration of time for seeking certiorari from United States Supreme Court]; 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from

8



decision or judgment of state court of last resort]; Rule 203(b)(2), SCACR [10 day requirement for filing of Notice of Appeal from criminal conviction].

By the time Petitioner filed his first APCR on July 12, 2000, two hundred and fifty-one (251) days had passed from when his convictions had become final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until February 26, 2003, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at *1 (9th Cir. May 3, 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed this action on September 14, 2006, over three (3) and a half years of additional non-tolled time had accrued since the final disposition of his first APCR.

When the pre- and post- PCR time periods are added, over four (4) and half years of non-tolled time passed from when Petitioner's period of limitations started to run on November 4, 1999, and the filing of this federal petition. Petitioner argues that his second APCR was timely since he could not file it until he received his court file; however, Petitioner does not make any specific tolling arguments with regard to his second APCR and this federal petition. In any event, since Petitioner's second APCR was time barred and a successive petition under South Carolina law; see S.C.Code Ann. § 17-27-45(a) [setting forth one year statute of limitations for pursuing post-conviction relief]; it was not properly filed and the federal statute of limitations was not tolled while

9



it was pending.  Pace v. DiGuglielmo, 545 U.S. 408 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)].

Further, even if Petitioner's second PCR petition tolled the federal deadline, over two (2) years and ten (10) months passed between the time that the Remittitur was sent down after Petitioner's first APCR on February 26, 2003, and the filing of Petitioner's second APCR on January 4, 2006.  After the Remittitur was sent down on Petitioner's second APCR on August 2, 2006, another forty two (42) days passed prior to Petitioner filing this federal habeas petition.  Therefore, even assuming arguendo that Petitioner's second APCR tolled the time period, a total of over three (3) years and seven (7) months of non-tolled time passed prior to Petitioner filing this federal habeas petition.[5]  Accordingly, Petitioner failed to timely file this federal petition, and he is barred from seeking federal habeas relief.  Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, the undersigned has no choice but to recommend that the Respondents' motion for summary judgment be **granted**, and that this Petition be **dismissed**, with

---

[5]This total includes the two hundred fifty-one (251) days that passed between Petitioner's convictions becoming final and Petitioner filing his first APCR.



prejudice, for having been filed outside the applicable statute of limitations. 28 U.S.C. § 2244(d).

        The parties are referred to the Notice Page attached hereto.

                                                        _____
                                                        Bristow Marchant
                                                        United States Magistrate Judge

Columbia, South Carolina

March 30, 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

