IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher Howard, #262237, | ) | |
| | ) | C/A No. 0:06-CV-02573-DCN |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Stan Burtt, Warden, and Henry McMaster, | ) | |
| Attorney General for South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, who is proceeding pro se and is currently serving a term of imprisonment, has made a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on petitioner's objections to the Magistrate Judge Bristow Marchant's report and recommendation, which recommended granting respondents' motion for summary judgment and dismissing the petition. The magistrate judge concluded that the instant petition is untimely under the applicable statute of limitations, 28 U.S.C. § 2244(d), because petitioner filed his petition more than one year after exhausting his state-court remedies. For the reasons stated below, the court adopts and affirms the magistrate judge's report and recommendation.

## I.  PROCEDURAL HISTORY

The magistrate judge has provided a thorough and accurate recitation of this case's procedural history, which is repeated here by highlighting the most pertinent information. On October 25, 1999, petitioner pleaded guilty to three murder charges in the Charleston County, South Carolina, Court of General Sessions. He received a thirty

1

year sentence for each count on the same day, but he did not file a direct appeal of his conviction or sentence. Petitioner filed his first application for post-conviction relief in state court on July 12, 2000, which the PCR judge dismissed on February 21, 2002. Petitioner appealed that denial but the South Carolina Supreme Court denied ceritorari and dismissed the PCR appeal on February 6, 2003. The supreme court issued a remittitur of dismissal on February 26, 2003.

Petitioner filed a second application for post-conviction relief on January 4, 2006. The PCR judge issued a final order dismissing the second application on May 26, 2006. Petitioner appealed that order and the South Carolina Supreme Court again denied certiorari and dismissed the PCR appeal on July 17, 2006. Petitioner filed a petition for rehearing with the supreme court, which the clerk informed petitioner was untimely and would not be considered by the court. The supreme court issued a remittitur of dismissal for the second application on August 2, 2006.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to § 2254 on September 15, 2006. His petition raises two grounds, alleging that (1) the procedure used for transferring his state criminal charges from juvenile to an adult court violated due process and (2) the prosecutor engaged in misconduct by "us[ing] a non-existent offense a basis for Petitioner's plea." Petition for Writ of Habeas Corpus at 6-7.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When the party moving for summary

judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The non-movant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252. The court's inquiry is "not whether there is literally no evidence, but whether there is any [evidence] upon which a jury could properly . . . find a verdict for the party" opposing summary judgment. Id. at 251.

      This court is charged with conducting a de novo review of any portion of the magistrate judge's report and recommendation to which a specific, written objection is made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140 (1985).  This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id. at 149-50.  A party's general objections are not sufficient to challenge a magistrate judge's findings.  Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may

accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636 (b)(1).

### **III.   DISCUSSION**

The magistrate judge correctly concluded that the instant petition is time-barred under 28 U.S.C. § 2244(d)(1). Section 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1). For purpose of this petition, subsection (d)(1)(A) provides the starting date.[1]

---

[1]There was no unconstitutional impediment to petitioner's filing of this petition, petitioner has not raised a newly-recognized right as a ground for relief, and the factual

4

Under South Carolina Appellate Court Rule 203(b)(2), petitioner was required to serve a notice of appeal within ten days following the imposition of his sentence. Thus, the expiration of the time for seeking direct review of the state court's judgment occurred on November 4, 1999. The statute of limitations under § 2244(d)(1)(A) thus ran until July 12, 2000, when petitioner filed his first application for post-conviction relief. At that time, approximately six months had passed since his opportunity to appeal the state-court judgment expired. The first application remained pending until February 26, 2003, when the state supreme court issued a remittitur of dismissal. The § 2244(d)(1)(A) statute of limitations period resumed at that time and ran until January 4, 2006, when petitioner filed his second application for post-conviction relief. By January 4, 2006, approximately three years and four months had passed on the § 2244(d)(1)(A) statute of limitations. The limitations period began to run again following the supreme court's remittitur of dismissal on August 2, 2006, meaning more than three years and five months had passed on the statute of limitations by the time he filed this habeas petition on September 15, 2006. Accordingly, the magistrate judge properly recommended dismissing the petition pursuant to § 2244(d)(1).

Petitioner has offered four specific objections to the magistrate judge's report. Petitioner's first objection argues the state PCR court erroneously dismissed his second application under state law. Section 2244(d)(1) concerns only the act of dismissal in so far as that act stops the tolling of the limitations period under §2244(d)(2). An erroneous

---

predicates for his petition arose prior to or during the trial. Subsection (d)(1)(A) thus provides the latest date for the statute of limitations to begin to run.

dismissal under state law would have the same effect, and the magistrate judge properly tolled the statute of limitations during the pendency of the second PCR application. Petitioner's second objection disputes the magistrate judge's decision not to include the fact that the state agreed to dismissal of an attempted murder charge as part of his plea agreement. Even if true, that fact has no import for the magistrate judge's ultimate recommendation. Petitioner's third objection asserts the magistrate judge erroneously granted summary judgment because genuine issues exist as to his constitutional claims. The existence of genuine issues (even if present) does not excuse plaintiff's failure to make a timely petition. Finally, petitioner's fourth objection contends that respondents are judicially estopped from asserting a statute of limitations defense. Petitioner has offered no evidence to support his judicial estoppel theory, nor has he given any other reason to believe that judicial estoppel would apply in this case.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the magistrate judge's report and recommendations be **ADOPTED** and **AFFIRMED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 13, 2007**
**Charleston, South Carolina**

6

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.